UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

In re:

MICHAEL G. YOUNG,　　　　　　　　　　　　Case No.　　04-21534
　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　　　Debtor.　　　　　　　　　　　　　　Hon. Walter Shapero

_____/

OPINION OVERRULING
TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED EXEMPTION FOR AN IRA
BUT REQUIRING PAYMENT OF EXPENSES

　　　　The Chapter 7 Trustee objects to Debtor's amendment of his Schedule C to exempt his interest in an individual retirement account. Trustee seeks disallowance of Debtor's amendment on the grounds that it is untimely and prejudicial. For the reasons set forth below, the Trustee's objection is overruled upon condition precedent.

I. Facts

　　　　These are the undisputed facts. On April 13, 2004, Debtor filed his Chapter 7 petition and Schedules. On his Schedule B, he disclosed his interest in a "Baird-IRA" (IRA) with a current market value of $ 18,201.52. On his Statement of Financial Affairs, Debtor represented that his income for 2003 was derived from approximately $38,000 in distributions from his IRA. (Statement of Financial Affairs ¶¶ 1 and 2.) (Doc. No. 1.) Prior to the § 341 hearing, Trustee reviewed Debtor's Schedules and noticed that Debtor had not claimed his interest in the IRA as exempt on his Schedule C.

　　　　The § 341 hearing took place on May 19, 2004. During the hearing, Trustee questioned Debtor about his decision to file bankruptcy. (Tr. at 6.) Debtor explained that he was prompted to file since over the last two year he had suffered a substantial decrease in his income, which had required him to live off of his IRA. (Tr. at 6.) In response to the Trustee's question about how much money was left in his IRA, he explained that approximately $ 10,000 remained in the account. (Tr. at 6.) In addition, Debtor disclosed the name of the entity the IRA was held with

and provided an account statement to the Trustee. (Tr. at 6.) Two weeks later, Trustee sent a "demand letter" to the holder of IRA. On July 2, 2004, Trustee received approximately $9,000.

Debtor was awarded a discharge on July 28, 2004. On August 11, 2004, Trustee filed a "Notification of Asset Case" report. On August 18, 2004, the Clerk of the Court served a "Notice of Need to File Proof of Claim Due to Recovery of Assets" and set a bar date of November 15, 2004 for the filing of proof of claims. The certificate of service on the notice to file proof of claim indicates that it was served by first class mail on August 18, 2004. A little over three weeks later, on September 9, 2004, Trustee received a letter from Debtor's attorney requesting that she return the IRA funds and informing her of Debtor's intent to file an amendment to his exemptions to claim his interest in the IRA as exempt. Trustee tried to contact Debtor's attorney but was unable to speak with him. Trustee did not send a responsive letter to Debtor's attorney.

On November 19, 2004, Debtor acted on his stated intention and filed an amended Schedule C (Amended Schedule C). He claimed his interest in the IRA as exempt pursuant to 11 U.S.C. § 522(d)(10)(E), valuing the exemption and the current market value of the IRA as $18,201.52. On December 8, 2004, Trustee timely objected to Debtor's Amended Schedule C alleging that it "is improper" to allow Debtor's untimely amendment to his exemptions. Debtor opposed Trustee's objection, arguing that amendments to exemptions can be made at any time and that "Trustee has been aware of Debtor's objection to use of pension funds and his position on exemption of ERISA derived funds."[1] (Debtor's "Answer to Trustee's Objection to Debtor's Claim of Exemptions" ¶ 6.) The Court held a hearing on the Trustee's objection and at the conclusion of the hearing, established a schedule for the submission of the § 341 hearing transcript and post-hearing briefs. The transcript of the § 341 hearing was eventually filed but neither party filed a post-hearing brief.

---

[1] Despite this allegation, Debtor does not argue that his IRA is excluded from property of the estate pursuant to 11 U.S.C. § 541(c)(2). The Court construes Debtor's exemption of his IRA pursuant to 11 U.S.C. § 522(d)(10)(E) as his recognition that his IRA qualifies as property of the estate since a debtor can only exempt property that is first property of the estate.

## II. Jurisdiction

This Court has subject matter jurisdiction over this bankruptcy case under 28 U.S.C. § 1334(a), 157(a), and 157(b)(1) and Local Rule 83.50 (E.D.M.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## III. Discussion

A.  Amendments to Bankruptcy Petition, Schedules and Statements

Pursuant to Fed. R. Bankr. P. 1009(a), a debtor may amend "[a] voluntary petition, list, schedule, or statement . . . as a matter of course at any time before the case is closed." *See also Lucius v. McLemore*, 741 F.2d 125 (6th Cir. 1984). A party in interest "may file an objection to the list of property claimed as exempt . . . within 30 days after any amendment to the list or supplemental schedules is filed[.]" Fed. R. Bankr. P. 4003(b). An objecting party bears the burden of proving that an exemption is not properly claimed by a preponderance of the evidence. Fed. R. Bankr. P. 4003(c); *see also In re Daniels*, 270 B.R. 417, 422 n.2 (Bankr. E.D. Mich. 2001) (finding that the preponderance of the evidence standard is the proper burden of proof in objection to exemptions matters).

**"The fact that the debtor has the right to amend the schedules as a matter of right does not necessarily mean that any additional claim of exemptions ultimately will be allowed."** *In re Daniels*, 270 B.R. at 421 (*quoting In re Welborne*, 63 B.R. 23, 24-25 (Bankr. D.Neb. 1986) (explaining that a distinction exists between a debtor's right to amend his list of exemptions and the right of a trustee or party in interest to object to an amendment of a schedule of exemptions)). Courts may disallow an amendment of an exemption on a finding of bad faith, the concealment of property, or prejudice. *Lucius v. McLemore*, 741 F.2d 125 (6th Cir. 1984) (recognizing that courts may disallow an amendment when a debtor acted in bad faith or when estate property is concealed); *Doan v. Hudgins (In re Doan)*, 672 F.2d 831, 833 (11th Cir. 1982) (adopting prejudice to creditors as another basis to disallow an amendment to exemptions); *Kaelin v. Bassett (In re Kaelin)*, 308 F.3d 885, 890 (8th Cir. 2002) (recognizing bad faith of a debtor and prejudice to creditors as two exceptions to the liberal rule of allowing amendments to exemptions under Fed. R. Bankr. P. 1009(a)); and *Arnold v. Gill (In re Arnold)*,

252 B.R. 778, 784 (B.A.P. 9th Cir. 2000) (explaining that the liberal policy of Rule 1009(a) allows amendments "absent a showing of bad faith or prejudice.").

B. Analysis

Trustee does not object to the merits of Debtor's exemption. Instead, Trustee contends that due to the actions she took to recover the IRA as property of the estate both the creditors and the estate are prejudiced by Debtor's delay in filing his Amended Schedule C.

> In determining whether to deny an amendment to schedules on the basis of prejudice, the focus is on the effect of allowing the amendment upon creditors and other parties in interest. Mere delay in filing an amendment, or the fact that an amendment if allowed will result in the exemption being granted, are not sufficient to show prejudice. . . . [P]rejudice may be established by showing harm to the litigating posture of parties in interest. If the parties would have taken different actions or asserted different positions had the exemption been claimed earlier, and the interests of those parties are detrimentally affected by the timing of the amendment, then the prejudice is sufficient to deny amendment. Moreover, an amendment is prejudicial if it impairs a trustee in the diligent administration of the estate.

*In re Daniels*, 270 B.R. at 426 (*quoting In re Talmo*, 185 B.R. 637, 645 (Bankr. S.D. Fla. 1995)).

The Court finds that Trustee has failed to show that prejudice to creditors or to the estate occurred to the degree of disallowing Debtor's Amended Schedule C. "Simple delay in filing an amendment where, as here, the case is not closed does not alone prejudice creditors. Nor does prejudice to creditors occur merely because a claimed exemption, if held timely, would be granted." *In re Doan*, 672. F.2d. 831, 833 (11th Cir. 1982) (determining that 11 month delay in filing amendments to schedules to list and exempt tax refund was not prejudicial to creditors). Creditors will not suffer any "actual economic loss beyond the loss that occurs when any asset is claimed exempt." *In re Kaelin*, 308 F.3d at 891.

In this case, it appears that Debtor inadvertently or negligently omitted to claim his interest in his IRA as exempt in his original Schedule C. Nor do the recited circumstances form a basis for a finding of bad faith. The evidence shows that Debtor disclosed the existence of this asset in his original Schedules and when questioned by the Trustee at the § 341 meeting. It appears that both the Debtor and his counsel failed to appreciate that the IRA was not listed on

his original Schedule C. Therefore, the Court determines that to disallow Debtor's Amended Schedule C would be contrary to the intent of Rule 1009(a) and would be unnecessarily harsh in light of what appears to be Debtor's innocent mistake. *In re McVay*, 2006 WL 2050257 at *2 (Bankr. N.D. Ohio 2006) (explaining that "inherent in the nature of Rule 1009(a) is that a debtor's ability to amend a petition, for the purpose of correcting prior mistakes and/or omissions, is limited to situations involving inadvertence[.]").

However, the Court is mindful that there were consequences to this mistake. In compliance with her duties under the Bankruptcy Code, Trustee diligently acted on Debtor's original Schedules, which listed the IRA as property of the estate but no exemption for it. Once the 341 hearing was completed, and the existence and other information about the IRA was fleshed out, the Trustee took prompt action to both obtain it and to notify creditors that there might be a distribution (presumably exclusively or primarily because of collection of the IRA) and requiring them to file proofs of claim, all within a few weeks of the 341 hearing, and before Debtor amended his schedules to exempt the IRA. Within a month or two after that, Debtor's attorney advised the Trustee of his intent to so amend the Schedules, but did not do so until two or so months later. The claimed prejudice here relates primarily to the actions the Trustee took prior to being told the Debtor would claim the exemption. Little was done between that date and the filing date of Debtor's Amended Schedule C, which occurred around the date of the claims filing deadline. All of the relevant actions in this situation occurred within a relatively short span of time. The Trustee cannot be faulted for acting promptly as prudence and her statutory mandate require. Any fault is that of the Debtor, or possibly more appropriately, the Debtor's attorney. They were responsible for making certain that Debtor's Schedules were accurate and error free. *In re McKain*, 325 B.R. 842, 849 (Bankr. D. Neb. 2005) (explaining the importance of debtors and their attorneys fulfilling their obligations to provide accurate bankruptcy schedules). It makes no sense that this asset was not exempted by Debtor in his original Schedule C especially in light of Debtor's testimony that he relied on distributions from his IRA to support himself. The mistake was compounded by Debtor's attorney then waiting months after advising that the exemption would be taken, before actually doing so. Counsel's representation to the Court that he thought he had a meritorious case and such was his reason for not filing an amended list of exemptions sooner is perplexing coming from an attorney who

surely must know the law does not allow for an exemption lodged solely in Debtor's counsel's mind, or, for that matter in a private letter to the Trustee. The time it took for counsel to draft the letter to the Trustee should have been more wisely spent preparing and actually filing the Amended Schedule C especially since the Trustee already obtained possession of the IRA proceeds at some administrative expense of time and effort.

In this case there was some prejudice in the sense that the Trustee engaged in some activity she might not have, had the exemption been asserted in the originally filed schedules. Faced with arguably similar circumstances, courts have "invoked equitable principles to achieve fairness and justice." *Cassani v. Glinka* (*In re Cassani*), 214 B.R. 459, 463 (D. Vt. 1997) (*citing In re Momentum Mfg. Corp.,* 25 F.3d 1132, 1136 (2d Cir. 1994)). Under this approach, courts reason that "[w]here prejudice has occurred through mere negligence, . . . the prejudice may be cured by requiring reimbursement of costs and expenses incurred in detrimental reliance on the original exemption schedule." *Id*. at 463 (*citing In re Blaise*, 116 B.R. 398, 401 (Bankr. D. Vt. 1990)); *see also In re McVay*, 2006 WL 2050257 at *5 (Court relies on its equitable powers to condition debtor's exemption amendment upon timely reimbursement to the trustee for all fees and costs incurred.) and *In re Melber*, 315 B.R. 181, 191 (Bankr. D. Mass. 2004) (opining that "any such prejudice can be mitigated or eliminated by conditioning the allowance of the amended exemption on payment of the trustee's . . . fees and costs from assets not otherwise available to the estate."). The Court is persuaded by this reasoning under the particular circumstances of this case. In the Court's view, it strikes the proper balance between the freely allowed amendments policy of Rule 1009(a) on the one hand, and not in effect penalizing trustees who are promptly and efficiently performing their duties, on the other, and does so by allowing amendments to exemptions on the condition that trustees be appropriately reimbursed for some costs and expenses. The Court determines that Debtor's Amended Schedule C is allowed,[2] subject to the condition that the Trustee is paid, from a source other than the exempt property, for any reasonable fees and costs as the Court deems appropriate in

---

[2] Debtor, apparently seeking return of his IRA, has filed an exparte pro se request that this case be dismissed. Since the exemption thereof is being allowed, no further action will be afforded his request.

the circumstances. Trustee shall file and serve a motion, affidavit, and proposed order, which explain the fees and expenses she seeks and from whom she seeks payment. Debtor shall have 15 days to object. If no objection is filed, an order will be entered in an amount the Court concludes is appropriate requiring payment by an indicated date, absent which Debtor's Amended Schedule C will be disallowed. If an objection is filed, a hearing will be scheduled.

**Entered: August 28, 2006**

                                        **/s/ Walter Shapero**
                                **Walter Shapero**
                                **United States Bankruptcy Judge**

04-21534-dob    Doc 45    Filed 08/28/06    Entered 08/30/06 12:11:50    Page 7 of 7